UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No.:

Ravin J. Serrao,                                          )
                                                         )
                        Plaintiff,                       )
                                                         )
v.                                                       )
                                                         )
National Aeronautics and Space                           )
Administration (John F. Kennedy Space                    )
Center), Agency                                          )
                                                         )
                        Defendants.                      )
                                                         )

## COMPLAINT

Plaintiff, Ravin J. Serrao, (the "Plaintiff"), by and through the undersigned counsel, hereby files this complaint and sues Defendant National Aeronautics and Space Administration (John F. Kennedy Space Center), Agency ("NASA" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

This is a civil action for damages, declaratory relief, injunctive relief, and all other appropriate remedies arising from Defendant's unlawful employment practices in violation of federal and state law. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01 et seq.; and 42 U.S.C. § 1981.

Plaintiff seeks redress for Defendant's discriminatory and retaliatory conduct, including disparate treatment, a hostile work environment, and wrongful termination, based

1
THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

on Plaintiff's race, color, national origin, disability, and age, as well as retaliation for engaging in protected activity.

Plaintiff further seeks redress for Defendant's conduct in improperly classifying his separation as a termination during a probationary or trial period, and for maintaining inaccurate personnel records that have adversely affected his federal employment status and future employment opportunities.

Plaintiff seeks all relief available under federal law, including back pay, front pay, compensatory damages, emotional distress damages, declaratory and injunctive relief, reinstatement or front pay in lieu thereof, correction of personnel records, restoration of benefits and seniority, prejudgment interest, attorneys' fees, costs, and such other relief as this Court deems just and proper.

## **PARTIES**

1.      At all times material, Plaintiff, Ravin J. Serrao ("Plaintiff"), is an individual over the age of eighteen and a former federal employee.

2.      At all times material, Plaintiff is a person of color and a veteran, and was over the age of forty (40) during portions of the administrative proceedings relevant to this action.

3.      At all times material, Plaintiff was employed by the National Aeronautics and Space Administration ("NASA" or "Defendant") as a Pathways Intern assigned to the Resources Management Office within the Engineering Directorate at Kennedy Space Center.

4.      At all times material, Plaintiff was a "person," "aggrieved person," and "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act, 29 U.S.C. § 633a; and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

5.      At all times material, Plaintiff was a member of multiple protected classes, including race, color, national origin, disability, and age, as protected under Title VII, the ADEA, and the Rehabilitation Act.

6.      Defendant, the National Aeronautics and Space Administration ("NASA"), is an agency of the United States Government and an "employer" within the meaning of Title VII, the ADEA, and the Rehabilitation Act.

7.      At all times material, Defendant was engaged in an industry affecting commerce and employed the requisite number of employees within the meaning of the above-referenced federal statutes.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3), as incorporated by 42 U.S.C. § 2000e-16(c), 29 U.S.C. § 633a(c), and 29 U.S.C. § 794a(a)(1), as well as 28 U.S.C. §§ 1331 and 1343, because this action arises under the laws of the United States prohibiting discrimination in federal employment.

9.      Venue is proper in the Orlando Division of the United States District Court for the Middle District of Florida pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(e), because the unlawful employment practices alleged herein were committed within this District, Plaintiff was employed within this District at Kennedy Space Center, and the relevant employment records are maintained within this District.

## CONDITIONS PRECEDENT

10.      The Plaintiff has complied with all conditions precedent in filing this action, to wit:

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

a)     On or about April 10, 2020, the Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission, Washington DC, District Office;

b)     On or about July 17, 2023, Plaintiff received Defendant's decision, and contested the decision;

c)     On or about August 15, 2023, Plaintiff filed an appeal with the EEOC Office of Federal Operations (OFO) regarding Defendant's Decision No. 2023004623.

c.     On or about July 14, 2025, Plaintiff submitted a Request for Reconsideration with the EEOC OFO regarding EEOC Appeal No. 2023004623, which was assigned EEOC Number 2025003550.

d)     On or about December 29, 2025, the EEOC issued a Decision on Request for Reconsideration, a Notice of Right to File Civil Action authorizing Plaintiff to commence a civil action in federal court, within 90 days of Plaintiff's receipt of the decision dated December 29, 2025.

e)     This Complaint is timely filed within ninety (90) days of Plaintiff's receipt of that Notice.

11.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

12.    Plaintiff is a Black, African American male, born November 29, 1982, who suffers from Post-Traumatic Stress Disorder ("PTSD"), and is therefore a member of protected groups based on race and disability.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

13.    Plaintiff is a former employee of the National Aeronautics and Space Administration ("NASA" or "Defendant"), and previously served successfully with the Department of Veterans Affairs, where he completed a probationary period.

14.    Defendant NASA is a federal agency and employer within the meaning of applicable federal anti-discrimination laws.

15.    Plaintiff began his employment with Defendant on or about February 3, 2019, as a Student Trainee (Administrative), GS-0399-7 Step 1, under the Pathways Intern Employment Program, assigned to the Resources Management Office within the Engineering Directorate at Kennedy Space Center. Plaintiff transferred directly from the Orlando VA Medical Center and, while hired under an intern status, was responsible for handling the budget for over 60 projects with budgets exceeding $80 million.

16.    Plaintiff was one of approximately fourteen (14) Student Trainees in his cohort. Plaintiff and one other Black female trainee were the only Black interns; the remaining trainees were non-Black. Upon information and belief, the Black female trainee was ultimately forced to resign from her position because of the discriminatory work environment.

17.    In this role, Plaintiff performed financial and analytical duties, including budget reporting, variance analysis, financial systems reporting (SAP/BOBJ), and coordination with program stakeholders.

18.    Plaintiff took great pride in working for NASA and aspired to build a long-term federal career. Throughout his employment, he consistently performed his job well, arrived on time, maintained professionalism, and received positive feedback.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

19.     At all relevant times, Plaintiff reported to Cynthia Duffaut ("Supervisor Duffaut"), a White Hispanic female, and worked under the direction of Taya Stokes ("Team Lead Stokes"), a White female. Plaintiff was initially assigned a mentor, Debbie Lapinski ("Mentor Lapinski"), a White female. During his employment, Plaintiff also had a second mentor, Jessica Hoblitzell ("Mentor Hoblitzell"), a White female, and later Phil Harrelson, a White male, as a third mentor.

20.     Upon information and belief, Supervisor Duffaut, Team Lead Stokes, and Mentors Lapinski, Hoblitzell and Harrelson did not have disabilities or medical restrictions.

21.     In or around February 2019, Mentor Lapinski told Plaintiff that she did not believe veterans should receive preference in hiring. Throughout his employment, Mentor Lapinski continued to make hostile and discriminatory remark, such as: "We've had people like you in our department before, and we've gotten rid of them." Plaintiff reasonably perceived Mentor Lapinski's comments as targeted and discriminatory based on his protected characteristics.

22.     During this period, Plaintiff sought clarification from Mentor Lapinski regarding email communications and project instructions, which resulted in repeated, public beratement.

23.     Plaintiff complained to the Defendant about Mentor Lapinski's discriminatory conduct toward him, but nothing was done. Specifically, in or around March 2019, Plaintiff reported Mentor Lapinski's conduct to Josh Green ("Team Lead Green"), a White male, and requested reassignment to a different mentor. Defendant denied Plaintiff's request despite his complaint.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

24.     Plaintiff noticed that other non-Black and non-disabled employees were not berated in the workplace.

25.     After Plaintiff's complaints regarding Mentor Lapinski, Plaintiff's work environment worsened. Plaintiff was subjected to persistent, severe and pervasive discriminatory conduct, including but not limited to constant berating.:

26.     For instance, on or about April 18, 2019, Mentor Lapinski confronted Plaintiff during a KSC Honor Awards reception regarding work on projects he had already been removed from, berating him for approximately thirty minutes.

27.     Despite the discriminatory, retaliatory and hostile work environment, Plaintiff continued to perform his job well, and on or about April 19, 2019, Plaintiff received a formal performance evaluation rating him "Meets Expectations" in all categories and describing him as an "integral part" of the office with a positive attitude and strong professionalism.

28.     Plaintiff's satisfactory job performance did not end Defendant's discriminatory and hostile conduct toward Plaintiff, and on or about June 26, 2019, Team Lead Stokes began maintaining a running log of alleged deficiencies concerning Plaintiff (the "Serrao Document"). The Serrao Document ultimately contained approximately fifty-six (56) negative entries spanning from June 26, 2019, through March 5, 2020.

29.     None of the alleged negative conduct was brought to Plaintiff' attention during his employment, and Plaintiff did not discover its existence until years later during the administrative discovery process.

30.     As Defendant's discriminatory and retaliatory conduct escalated, Plaintiff experienced increased stress and exacerbation of his PTSD symptoms. Plaintiff's disability substantially impacts major life activities, including concentration, sleep, and stress

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

tolerance, particularly under hostile or threatening conditions. Plaintiff disclosed his disability, including PTSD, through Defendant's Employee Express system on or about July 25, 2019.

31.     On or about August 2, 2019, Mentor Hoblitzell submitted a positive performance assessment for Plaintiff to Supervisor Duffaut. The assessment highlighted Plaintiff's strong performance but was never presented to Plaintiff. In September 2019, Supervisor Duffaut issued a negative performance evaluation in its place.

32.     On or about August 14, 2019, Supervisor Duffaut and Deputy CFO Anna Henderson ("Deputy CFO Henderson") attempted to terminate Plaintiff's employment. Defendant did not proceed after determining that Plaintiff had appeal rights before the Merit Systems Protection Board.

33.     On or about August 16, 2019, Deputy CFO Henderson instead determined that Plaintiff would be separated through non-conversion at the end of his internship.

34.     Plaintiff believes the attempted termination and non-conversion decision were discriminatory and retaliatory, made shortly after his disability disclosure and complaints regarding discriminatory treatment.

35.     For the first time during his employment, in or around September 2019, Plaintiff received a negative performance evaluation that did not reflect his actual work, effectively replacing the positive assessment he had never received. Plaintiff objected to this evaluation.

36.     On or about September 27, 2019, Supervisor Duffaut privately told Plaintiff that she believed he was performing well but stated that Deputy CFO Henderson disagreed.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

37.    On or about September 30, 2019, Deputy CFO Henderson made comments concerning Plaintiff's appearance, and questioned why he was employed at NASA, telling him that he should dress "as an intern." No similarly situated interns received comparable comments.

38.    On or about October 11, 2019, Plaintiff reported discriminatory conduct to Rob Grant, Director of Equal Opportunity and Diversity ("Director Grant"). Plaintiff informed Director Grant about negative treatment he believed was motivated by his protected characteristics, including race, veteran status, and disability.

39.    In or around October 2019, Plaintiff met with Supervisor Duffaut and Team Lead Stokes regarding his concerns. During this meeting, Supervisor Duffaut and Team Lead Stokes urged and "begged" Plaintiff to remain in his position and under their supervision. Plaintiff remained uncomfortable with the situation, and felt that he was treated differently because of his disabilities.

40.    Then, on or about November 4, 2019, Plaintiff signed the negative evaluation he received in September 2019 after multiple objections, doing so only because he felt pressured and concerned about adverse consequences; particularly, Plaintiff was concerned he would be wrongfully terminated.

41.    Plaintiff's work environment worsened and Defendant began to accuse the Plaintiff of bad job performance. For instance, on January 28, 2020, Plaintiff was falsely blamed by Supervisor Duffaut and Team Lead Stokes for failing to transfer funds for a robotics project that was no longer his responsibility. Plaintiff informed Defendant that the allegations were false, but the Defendant continued to accuse Plaintiff until another employee, admitted to the wrongdoing. Again, On or about February 19, 2020, Team Lead

Stokes made additional false accusations against Plaintiff, including allegations involving work that had not been assigned to him. These incidents were two of many, which created a pattern of unjustified scrutiny and blame directed at Plaintiff as a Black male employee.

42.    During or around February 13–19, 2020, Plaintiff was publicly subjected to further negative scrutiny during daily tag-ups and status meetings, despite completing all assigned work, including coverage for Phil Harrelson while he was on leave.

43.    Plaintiff complained about the daily tag ups and status meetings, and nothing was done.

44.    In fact, Plaintiff work environment worsened, and on or about February 20, 2020, Plaintiff called out of work to seek emergency evaluation at the VA, including a brain scan, due to the severe psychological distress he was experiencing, due to his work environment. The stress triggered acute migraines and a sensation of cranial pressure so intense that he feared his head would explode.

45.    On or about February 25, 2020, Plaintiff filed a formal EEO complaint alleging a hostile work environment and requested an immediate transfer.

46.    Later that same day, Plaintiff learned that Defendant had already decided months earlier not to convert him to a permanent position, during the same period when management had encouraged him to remain.

47.    Plaintiff witnessed that all the other non-Black, non-disabled interns were converted to permanent positions.

48.    Plaintiff's cohort also included a White male intern named Tristan, who worked in the same office and performed comparable administrative and financial tasks.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

Unlike Plaintiff, Tristan was favored by management, received consistent support, and was ultimately converted to a permanent federal position.

49.    Tristan's conversion, along with the conversion of other non-Black, non-disabled interns, further demonstrates that Defendant converted similarly situated individuals outside Plaintiff's protected classes while refusing to convert Plaintiff despite his positive performance.

50.    Defendant wrongfully terminated Plaintiff on or about April 11, 2020.

51.    Defendant classified Plaintiff's separation as "Termination During Probation/Trial Period" on his SF-50.

52.    Plaintiff contested this classification and requested correction, but Defendant refused.

53.    Plaintiff was wrongfully terminated, as a result of his protected characteristics, namely his race and disability / handicap.

54.    As a direct result of Defendant's conduct, Plaintiff suffered economic loss, emotional distress, reputational harm, and loss of future federal employment opportunities.

### COUNT I: RACE AND COLOR DISCRIMINATION
### (Disparate Treatment) – TITLE VII

55.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–54 above as if set out in full herein.

56.    At all times pertinent hereto, Defendant, the National Aeronautics and Space Administration ("NASA"), has been engaged in an industry affecting commerce and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

57.    At all times material, Plaintiff was an employee of Defendant within the meaning of Title VII.

58.    Plaintiff's race and color were motivating factors that caused Defendant to discriminate against Plaintiff.

59.    As set forth above, Defendant, through its agents and supervisory employees, including Supervisor Cynthia Duffaut, Team Lead Taya Stokes, Mentor Debbie Lapinski, and Deputy Chief Financial Officer Anna Henderson, all white individuals, subjected Plaintiff to disparate treatment on the basis of his race and color.

60.    Such disparate treatment included, but was not limited to, denial of mentorship support, denial of Plaintiff's request for a change in mentor, heightened scrutiny, targeted and excessive negative documentation through the "Serrao Document," disregard of positive performance evaluations, and the ultimate decision not to convert Plaintiff to a permanent position.

61.    Similarly situated employees outside of Plaintiff's protected class were treated more favorably, including receiving greater support, mentorship, and advancement opportunities, and were not subjected to the same level of scrutiny or adverse actions.

62.    The reasons offered by Defendant for its actions were pretextual.

63.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered damages, including loss of employment, loss of income and benefits, loss of career advancement opportunities, emotional distress, and reputational harm.

64.    Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count I of this Complaint and from discriminating against Plaintiff in any manner whatsoever.

b. Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count I of this Complaint, and from all other forms of discrimination in the future.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from discrimination in the workplace and establishing reasonable and adequate procedures for investigating complaints of race discrimination and taking suitable remedial action.

d. Order reinstatement of the Plaintiff to the position he would occupy and with all the benefits he would have if he had not suffered adverse employment action attributable to race discrimination, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for his emotional suffering.

g. Award the Plaintiff punitive damages.

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT II: RACE AND COLOR DISCRIMINATION
### (Retaliation) – TITLE VII

65. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–54 above as if set out in full herein.

66. At all times pertinent hereto, Defendant, the National Aeronautics and Space Administration ("NASA"), has been engaged in an industry affecting commerce and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16.

67.    At all times material, Plaintiff was an employee of Defendant within the meaning of Title VII.

68.    Plaintiff engaged in protected activity when he complained about discrimination, including reporting Mentor Debbie Lapinski's discriminatory remarks to Team Lead Josh Green, requesting a change of mentor, and reporting discriminatory conduct to Rob Grant, Director of Equal Opportunity and Diversity.

69.    Following Plaintiff's protected activity, Defendant subjected Plaintiff to adverse employment actions, including heightened scrutiny, targeted negative documentation through the "Serrao Document," negative and inaccurate performance evaluations, denial of support and advancement opportunities, and the ultimate decision not to convert Plaintiff to a permanent position.

70.    The temporal proximity between Plaintiff's protected activity and the adverse actions, together with the pattern of escalating scrutiny and documentation, demonstrates a causal connection between Plaintiff's complaints and Defendant's actions.

71.    The reasons offered by Defendant for its actions were pretextual.

72.    As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff suffered damages, including loss of employment, loss of income and benefits, emotional distress, and reputational harm.

73.    Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a.    Issue an order enjoining the Defendant to cease and desist from the conduct described in Count II of this Complaint and from retaliating against the Plaintiff in any manner whatsoever.

b. Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count II of this Complaint, and from all other forms of retaliation in the future.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from retaliation in the workplace and establishing reasonable and adequate procedures for investigating complaints of retaliation and taking suitable remedial action.

d. Order reinstatement of the Plaintiff in the position he would occupy and with all the benefits he would have if he had not suffered adverse employment action attributable to retaliation, or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f. Award the Plaintiff compensatory damages for his emotional suffering.

g. Award the Plaintiff punitive damages.

h. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT III: RACE AND COLOR DISCRIMINATION
### (Hostile Work Environment) – TITLE VII

74. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–54 above as if set out in full herein.

75. At all times pertinent hereto, Defendant, the National Aeronautics and Space Administration ("NASA"), has been engaged in an industry affecting commerce and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16.

76. At all times material, Plaintiff was an employee of Defendant within the meaning of Title VII.

77.    Plaintiff is a person of color and, as such, is a member of a group protected under Title VII from discrimination on the basis of race and color.

78.    Commencing on or about February 2019, Defendant, through its agents and supervisory employees, including Supervisor Cynthia Duffaut, Team Lead Taya Stokes, Mentor Debbie Lapinski, and Deputy Chief Financial Officer Anna Henderson, all white individuals, engaged in a persistent pattern of severe and pervasive harassment, including discriminatory remarks, denial of mentorship support, heightened scrutiny, and targeted negative documentation through the "Serrao Document," which contained numerous negative entries over an extended period.

79.    Plaintiff did not welcome the conduct described herein and reported discriminatory treatment, including Mentor Lapinski's remarks, to Team Lead Josh Green and later reported discrimination to Rob Grant, Director of Equal Opportunity and Diversity.

80.    Plaintiff was subjected to the harassment because of his race and color.

81.    The harassment adversely affected Plaintiff's psychological well-being.

82.    The harassment unreasonably interfered with Plaintiff's work performance.

83.    The harassment to which Plaintiff was subjected would have affected the psychological well-being of a reasonable person in Plaintiff's position and interfered with that person's ability to perform his job.

84.    The discriminatory harassment was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

85.    Plaintiff provided Defendant with actual notice of the discriminatory conduct through his complaints to management and to the Equal Opportunity office.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

86. Defendant failed to take prompt and appropriate remedial action.

87. The harassment continued after Plaintiff's complaints, including continued scrutiny, negative documentation, and adverse employment actions culminating in the decision not to convert Plaintiff to a permanent position.

88. Defendant's agents and supervisory employees were acting within the scope of their employment.

89. As a direct and proximate result of the hostile work environment, Plaintiff suffered damages, including emotional distress, reputational harm, and loss of employment opportunities.

90. Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a. Issue an order enjoining the Defendant to cease and desist from the conduct described in Count III of this Complaint and from harassing the Plaintiff in any manner whatsoever.

b. Issue an order requiring the Defendant to take steps to protect the Plaintiff and other similarly situated employees from the type of conduct described in Count III of this Complaint, and from all other forms of harassment in the future.

c. Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of race and color discrimination and harassment and taking suitable remedial action.

d. Order reinstatement of the Plaintiff to the position he would occupy and with all the benefits he would have if he had not suffered adverse employment action attributable to race discrimination and harassment, or award the Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

17
THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

f.   Award the Plaintiff compensatory damages for his emotional suffering.

g.   Award the Plaintiff punitive damages.

h.   Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.   Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT IV – RACE AND COLOR DISCRIMNATION
### (Disparate Treatment) – FCRA

91.   The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–54 above as if set out in full herein.

92.   At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

93.   At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

94.   At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

95.   At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

96.   The Plaintiff is a member of a protected class of Black citizens.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

97.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his race and color, as more fully described in paragraphs 12 – 54 of this Complaint.

98.    The discriminatory conduct referred to in paragraphs 12 – 54 of this Complaint is and was offensive to the Plaintiff, and would be offensive to a reasonable person.

99.    The Plaintiff was subjected to the conduct referred to in this Complaint because he is a Black male.

100.    Similarly situated employees who are not Black were not subjected to the conduct described and referred to in paragraphs 12 – 54 of this Complaint.

101.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his race and color, as more fully described in paragraphs 12 – 54.

102.    The Plaintiff was and is qualified for his position while working for the Defendant.

103.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of his race and color in the terms, conditions, and privileges of his employment.

104.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

105.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on his race and color.

106. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

107. The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

d.  Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief as the Court deems just and proper.

### COUNT V: RACE AND COLOR DISCRIMINATION
### (Retaliation) – FCRA

108. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–54 above as if set out in full herein.

109. At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

20
THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

110.    At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

111.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

112.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

113.    The Plaintiff is a member of protected class of Black/African American citizens.

114.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his complaints about discrimination.

115.    Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

116.    The discriminatory conduct referred to in paragraphs 12–54 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

117.    The Plaintiff was subjected to the conduct referred to in this Complaint because he complained about discrimination. Specifically, Plaintiff reported discriminatory treatment based on race, disability, and veteran status to Director Rob Grant on October 11, 2019, and subsequently filed a formal EEO complaint on February 25, 2020. Shortly

afterward, Defendant confirmed he would not be converted and proceeded with his termination through non-conversion.

118.    The Plaintiff was and is qualified for his position while working for the Defendant.

119.    The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of his complaints about discrimination.

120.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

121.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

122.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

WHEREFORE, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates on the basis of race and color.

d.  Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief, as the Court deems just and proper.

## COUNT VI: RACE AND COLOR DISCRIMINATION
### (Hostile Work Environment) – FCRA

123.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–54 above as if set out in full herein.

124.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

125.    At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. §760.02(10).

126.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

127.    The Plaintiff is a Black, African American male, and as such is a member of a group protected under the FCRA on the basis of race and color.

128.    Commencing on or about February-March 2019, the Individual Defendant(s) engaged in a persistent pattern of severe and pervasive harassment involving hostile comments about Plaintiff's protected characteristics, targeted scrutiny, false accusations, unequal mentoring treatment, negative performance actions unsupported by fact, and repeated attempts to terminate or non-convert him, which created a hostile environment for Plaintiff in the workplace.

129.    The Plaintiff did not welcome the conduct described in paragraphs 12-54, and advised the Individual Defendant(s) that such conduct was unwelcome, including by reporting discriminatory treatment to management and to the Equal Opportunity office.

130.    The Plaintiff was subjected to the harassment because of his race and color as a Black/African American male.

131.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. §760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

132.    The Plaintiff is a member of protected class of Black/African American citizens.

133.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his race and color, as more fully described in paragraphs 12-54 of this Complaint.

134.    The discriminatory conduct referred to in paragraphs 12-54 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

135.    The Plaintiff was subjected to the conduct referred to in this Complaint because he is Black/African American.

136.    Similarly situated employees who are not Black/African American were not subjected to the conduct described and referred to in paragraphs 12-54 of this Complaint.

137.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his race and color, as more fully described in paragraphs 12-54.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

138.    The Plaintiff was and is qualified for his position while working for the Defendant.

139.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of his race and color in the terms, conditions, and privileges of his employment.

140.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

141.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on his race and color.

142.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. 760.10.

143.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which harasses on the basis of race and color.

d. Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief as the Court deems just and proper.

## COUNT VII: DISABILITY DISCRIMINATION
### (Disparate Treatment – Rehabilitation Act)

144.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–54 above as if set out in full herein.

145.    At all times pertinent hereto, Defendant was a federal agency subject to the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.

146.    At all times material hereto, Plaintiff was an individual with a disability within the meaning of the Rehabilitation Act.

147.    Plaintiff suffers from, inter alia, Post-Traumatic Stress Disorder (PTSD) and a service-connected lower back condition, which substantially limit one or more major life activities, including concentration, sleep, stress management, and physical mobility.

148.    Defendant had knowledge of Plaintiff's disability as of on or about July 25, 2019, when Plaintiff disclosed his condition through Defendant's Employee Express system.

149.    Plaintiff was otherwise qualified to perform the essential functions of his position as a Student Trainee (Administrative), GS-0399-7 Step 1, under the Pathways Intern Employment Program, with or without reasonable accommodation, as evidenced by his documented satisfactory performance evaluations.

150.    Following Defendant's knowledge of Plaintiff's disability, Plaintiff was subjected to adverse employment actions, including increased scrutiny, targeted negative documentation, denial of support and opportunities afforded to other employees, and ultimately termination through a pretextual non-conversion decision.

151.    Defendant treated Plaintiff less favorably than similarly situated employees who were not disabled.

152.    The effect of the practices complained of in paragraphs 12–54 has been to deprive Plaintiff of equal employment opportunities and continued federal employment because of his disability.

153.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered emotional distress, reputational harm, and loss of income and future employment opportunities.

154.    Defendant acted with malice and/or reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, the Plaintiff requests that this Honorable Court:

a.  Issue an order enjoining the Defendant to cease and desist from the conduct described in Count VII of this Complaint and from discriminating against Plaintiff in any manner whatsoever.

b.  Issue an order requiring the Defendant to take steps to protect Plaintiff and other similarly situated employees from the type of conduct described in Count VII of this Complaint, and from all other forms of discrimination in the future.

c.  Issue an order requiring the Defendant to adopt and disseminate a policy protecting employees from disability discrimination in the workplace and establishing reasonable and adequate procedures for investigating complaints of disability discrimination and taking suitable remedial action.

d.  Order reinstatement of the Plaintiff to the position he would occupy and with all the benefits he would have if he had not suffered adverse employment action attributable to disability discrimination, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e.  Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated.

f.  Award the Plaintiff compensatory damages for his emotional suffering.

g.  Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to applicable law.

h.  Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT VIII: DISABILITY DISCRIMINATION
### (Retaliation – Rehabilitation Act)

155.   The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–54 above as if set out in full herein.

156.   At all times pertinent hereto, Defendant was subject to the Rehabilitation Act of 1973.

157.   Plaintiff engaged in protected activity by disclosing his disability, requesting assistance and accommodations, and reporting discriminatory treatment and a hostile work environment to management and the Equal Opportunity office.

158.   Following Plaintiff's protected activity, Defendant subjected Plaintiff to adverse employment actions, including increased scrutiny, continued targeted negative documentation, denial of opportunities, and the decision not to convert Plaintiff to a permanent position.

159.   The temporal proximity between Plaintiff's protected activity and the adverse actions, together with the pattern of conduct described in paragraphs 12–54, demonstrates a causal connection.

160.   Defendant's actions were taken in retaliation for Plaintiff's protected activity.

161.   As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered emotional distress, reputational harm, and loss of income and employment opportunities.

162.   Defendant acted with malice and/or reckless indifference to Plaintiff's rights.

28
THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Issue an order enjoining the Defendant to cease and desist from the retaliatory conduct described in Count VIII of this Complaint.

b.  Issue an order requiring the Defendant to take steps to prevent retaliation against employees who engage in protected activity.

c.  Issue an order requiring the Defendant to adopt and enforce policies prohibiting retaliation and ensuring proper investigation of complaints.

d.  Order reinstatement of the Plaintiff, or award front pay in lieu thereof.

e.  Award the Plaintiff back pay and lost benefits.

f.  Award the Plaintiff compensatory damages for his emotional suffering.

g.  Award the Plaintiff attorneys' fees and costs pursuant to applicable law.

h.  Award such other relief as this Court deems just and proper.

## COUNT IX: DISABILITY DISCRIMINATION
### (Hostile Work Environment – Rehabilitation Act)

163.   The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–54 above as if set out in full herein.

164.   At all times pertinent hereto, Defendant was subject to the Rehabilitation Act of 1973.

165.   Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act.

166.   Following Defendant's knowledge of Plaintiff's disability, Defendant, through its agents, engaged in a pattern of conduct including heightened scrutiny, targeted negative documentation, denial of support, and disparate treatment, which created a hostile work environment.

167.   Plaintiff did not welcome the conduct and reported his concerns to management and the Equal Opportunity office.

29

168.    The harassment was based, in part, on Plaintiff's disability.

169.    The conduct was sufficiently severe and pervasive to alter the terms and conditions of Plaintiff's employment.

170.    Defendant failed to take prompt and appropriate remedial action.

171.    As a direct and proximate result, Plaintiff suffered emotional distress and other damages.

172.    Defendant acted with reckless indifference to Plaintiff's rights.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Issue an order enjoining the Defendant to cease and desist from the conduct described in Count IX of this Complaint and from subjecting Plaintiff to a hostile work environment.

b.  Issue an order requiring the Defendant to take steps to prevent and remedy hostile work environments based on disability.

c.  Issue an order requiring the Defendant to adopt and disseminate policies prohibiting disability-based harassment and establishing effective complaint procedures.

d.  Order reinstatement of the Plaintiff, or award front pay in lieu thereof.

e.  Award the Plaintiff back pay and lost employment benefits.

f.  Award the Plaintiff compensatory damages for his emotional suffering.

g.  Award the Plaintiff attorneys' fees and costs pursuant to applicable law.

h.  Award such other relief as this Court deems just and proper.

### COUNT X – HANDICAP DISCRIMNATION
### (Disparate Treatment) – FCRA

173.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–54 above as if set out in full herein.

174.   At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

175.   At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

176.   At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

177.   At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

178.   The Plaintiff is a member of the protected class of individuals with a disability, specifically Post-Traumatic Stress Disorder (PTSD).

179.   During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of his disability, as more fully described in paragraphs 12-54 of this Complaint.

180.   The discriminatory conduct referred to in paragraphs 12-54 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

181.   The Plaintiff was subjected to the conduct referred to in this Complaint because he is a person with a disability protected under the FCRA.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

182.    Similarly situated employees who are not disabled were not subjected to the conduct described and referred to in paragraphs 12-54 of this Complaint.

183.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of his disability, as more fully described in paragraphs 12-54.

184.    The Plaintiff was and is qualified for his position while working for the Defendant.

185.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of his disability in the terms, conditions, and privileges of his employment.

186.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

187.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on his disability.

188.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

189.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

d.  Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorneys' fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief as the Court deems just and proper.

## COUNT XI: HANDICAP DISCRIMINATION
### (Retaliation) – FCRA

190.  The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–54 above as if set out in full herein.

191.  At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

192.  At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

193.  At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

194.  At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq., which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms,

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

195.    The Plaintiff is a member of the protected class of individuals with a disability, specifically Post-Traumatic Stress Disorder (PTSD).

196.    During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of his complaints regarding discriminatory treatment based on his race, disability, and veteran status, as described more fully in paragraphs 12-54 of this Complaint.

197.    Plaintiff's complaints about discrimination constitute an engagement in a protected activity.

198.    The discriminatory conduct referred to in paragraphs 12-54 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

199.    The Plaintiff was subjected to the conduct referred to in this Complaint because he complained about discrimination. Specifically, after reporting Mentor Lapinski's discriminatory remarks and hostile behavior, requesting reassignment, disclosing his PTSD, and filing a formal EEO complaint, Defendant subjected Plaintiff to negative performance evaluations, false accusations, continued hostility, and ultimately non-conversion to a permanent position.

200.    The Plaintiff was and is qualified for his position while working for the Defendant.

201.    The Defendant violated the Florida Civil Rights Act by retaliating against the Plaintiff because of his complaints about discrimination.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

202.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

203.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

204.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates on the basis of disability.

d.  Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief, as the Court deems just and proper.

### COUNT XII: HANDICAP DISCRIMINATION
### (Hostile Work Environment) – FCRA

205.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1–54 above as if set out in full herein.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

206.    At all times pertinent hereto, the Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

207.    At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

208.    At all times material, the Defendant was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

209.    The Plaintiff is a Black, African American male with a disability (PTSD), and as such is a member of a group protected under the FCRA on the basis of race and handicap/disability.

210.    Commencing on or about February 2019 and continuing through April 2020, the Defendant engaged in a persistent pattern of severe and pervasive harassment involving public beratement, false accusations of work deficiencies, negative performance evaluations, differential treatment compared to non-Black/non-disabled interns, and retaliatory actions following Plaintiff's complaints and disclosure of his PTSD, which created a hostile environment for Plaintiff in the workplace.

211.    The Plaintiff did not welcome the conduct described in paragraphs 12-54 and advised the Defendant through direct complaints and formal EEO submissions that such conduct was unwelcome.

212.    The Plaintiff was subjected to the harassment because of his race, African American descent, and disability (PTSD).

213.    At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 et seq., which states, in part, that it is an unlawful

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

214. The Plaintiff is a member of the protected class of individuals with a disability and of African American race.

215. During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of his race and disability, as more fully described in paragraphs 12-54 of this Complaint.

216. The discriminatory conduct referred to in paragraphs 12-54 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

217. The Plaintiff was subjected to the conduct referred to in this Complaint because he is a Black male with PTSD.

218. Similarly situated employees who are not Black and/or disabled were not subjected to the conduct described and referred to in paragraphs 12-54 of this Complaint.

219. During the course of the Plaintiff's employment with the Defendant, the Plaintiff has been subjected to a discriminatory, hostile, and offensive work environment because of his complaints regarding discriminatory treatment and his disability disclosure, as more fully described in paragraphs 12-54.

220. The Plaintiff was and is qualified for his position while working for the Defendant.

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

221.    The Defendant violated the Florida Civil Rights Act by discriminating against the Plaintiff because of his race and disability in the terms, conditions, and privileges of his employment.

222.    As a direct and proximate result of the Defendant's intentional conduct, the Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

223.    Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against him based on his race and disability.

224.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

225.    The aforementioned actions of the Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which harasses on the basis of disability.

d.  Order the Defendant to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

THE LAW OFFICES OF T. WALLS BLYE, PLLC
(WWW.LAWYEROFJUSTICE.COM)

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief as the Court deems just and proper.

### **JURY TRIAL DEMAND**

The Plaintiff demands trial by jury of all issues so triable as of right.

**Dated: March 27, 2026.**

Respectfully submitted,

**s/ Tanesha W. Blye**
Tanesha W. Blye, Esq. (FBN: 738158)
Email: attorneyblye@lawyerofjustice.com
LAW OFFICES OF T. WALLS BLYE, PLLC
15800 Pines Blvd., Pembroke Pines, Florida 33027
66 West Flagler Street, Ste. 900, Miami, Florida 33130
Main Phone: (786) 796-1814

*Lead Counsel for Plaintiff*